UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CRIMINAL ACTION NO. 93-73-KSF

UNITED STATES OF AMERICA                                   PLAINTIFF

v.                                **OPINION & ORDER**

TONY MANNS                                             DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is currently before the Court upon the motion of the defendant, Tony Manns, *pro se*, for a briefing schedule [DE #220]. The record reveals that Manns was tried by a jury and convicted of drug and weapons offenses in connection with the robberies of two pharmacies. He was sentenced to serve a total of 455 months' imprisonment followed by a total of five years of supervised release, and ordered to pay restitution in the total amount of $75,000. The Sixth Circuit has affirmed Manns' convictions and sentences. *United States v. Manns*, No. 94-6305 (6th Cir. July 13, 1995).

Thereafter, in 1996, Manns filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This motion was unsuccessful at all levels of review. Manns also filed numerous post-judgment motions to correct perceived errors in his criminal proceedings, including motions to correct clerical errors, to correct the docket sheet, and to correct the record. Other than Manns' motion "to correct the omitted jury note entry on the docket sheet," which was corrected as requested, all of his post-judgment motions were denied. The Sixth Circuit subsequently affirmed this Court's denial of Mann's Rule 36 motion to correct the record. *United States v. Manns*, No. 11-5881 (6th Cir. May 30, 2012).

In the present motion, Manns seeks a briefing schedule based on his claim that he is actually innocent of carrying a firearm during two robberies. Essentially, Manns' motion is equivalent to a second or successive habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255, because it presents a direct challenge to the constitutionality of the underlying conviction. Thus, the Court advises Mann that if he wishes to pursue this claim, he must do so via a motion under 28 U.S.C. § 2255 after first seeking permission to file the same from the United States Court of Appeals for the Sixth Circuit.

Accordingly, Manns' motion [DE #220] is **DENIED**.

This December 17, 2013.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge