**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE**

**CRIMINAL ACTION NO. 93-73-DLB-EBA-1**

**UNITED STATES OF AMERICA**                                                 **PLAINTIFF**

**v.**                 **MEMORANDUM OPINION AND ORDER**

**TONY MANNS**                                                                 **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon Defendant Tony Manns' pro se Motion for Sentencing Relief pursuant to the First Step Act of 2018 (FSA). (Doc. # 349). Mr. Manns is currently incarcerated at the Atwater USP in California. He is 52 years old and has a projected released date of September 22, 2027. *See* BOP Inmate Locator at https://www.bop.gov/inmateloc (last accessed on June 23, 2022).

In his motion[1], filed pursuant to section 603(b) of the FSA, Defendant Manns asks for a sentencing reduction due to the sentencing disparity created when he was sentenced on two consecutive 18 U.S.C. § 924(c) counts, which resulted in him receiving consecutive sentences of sixty (60) and two-hundred forty (240) months, which were required to run consecutively to the one-hundred fifty-five (155) month sentence he received for the other counts of conviction, for a total of 455 months.[2] More specifically,

---

[1] Mr. Mann has filed numerous other related motions since he filed his initial motion for FSA relief. Those motions include motions for clarification (Doc. # 352), motions to supplement (Docs. # 358, 360, 364, 365 and 383), and a recently filed motion for bail pending adjudication of his FSA motion (Doc. # 390).

[2] His overall sentence was later reduced to a total sentence of 450 months pursuant to 18 U.S.C. § 3582(c)(2). (Doc. # 246).

1

he argues that the disparity between the sentence he received in 1994 and the sentence he would now receive after the enactment of the FSA constitutes an "extraordinary and compelling reason" for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Because Sixth Circuit precedent counsels against this reading of the statute, Mr. Manns' motion must be **denied**.

In 1994, Tony Manns was tried by a jury and convicted of numerous drug and weapons offenses in connection with the burglaries of robberies of three pharmacies.  He was sentenced to a total sentence of 455 months, followed by a total of five years of supervised release, and ordered to pay restitution in the total amount of $75,000. The Sixth Circuit affirmed Manns' convictions and sentences*.  See United States v. Manns*, No. 94-6305 (6th Cir. July 13, 1995).  Two of the counts involved his use of a handgun during and relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  That section imposed a mandatory minimum sentence of five years for a person who possessed a firearm in connection with a drug trafficking crime, and a consecutive mandatory minimum sentence of 20 years for any additional conviction under that provision.  In *Deal v. United States*, the Supreme Court held that the more severe consecutive sentence could be triggered when a defendant is convicted of multiple § 924(c) counts in the same proceeding.  508 U.S. 129, 135-36 (1993).  Thus, at the time Mr. Manns was sentenced in 1994, his conviction on the two § 924(c) counts required a sentence of 25 years.

In 2017, Congress in § 403 of the First Step Act abrogated *Deal* to "eliminate the 20-year mandatory minimum in § 924(c)(1)(C) unless the defendant had a prior § 924(c) conviction that became final before he committed his second § 924(c) violation." *United*

*States v. Burton*, 802 F. App'x 896, 911-12 (6th Cir. 2020) (citing Pub. L. No. 115-391, 132 Stat. 5194, § 403(a)). Accordingly, the First Step Act ended the practice of stacking multiple § 924(c) sentences for a first-time offender such as Mr. Manns. *See United States v. Henry*, 983 F.3d 214, 218-19 (6th Cir. 2020). However, § 403 of the First Step Act does not apply retroactively. *United States v. Richardson*, 948 F.3d 733, 746-50 (6th Cir. 2020). Mr. Manns therefore cannot benefit directly from the new sentencing regime governing convictions under § 924(c).[3]

Nor may Mr. Manns circumvent the nonretroactivity of the FSA by invoking the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). Section 603(b) of the FSA amended § 3582(c)(1)(A) to allow prisoners to bring motions to reduce their sentences in certain instances. To grant compassionate release, the Court must first find "extraordinary and compelling reasons" warranting a reduction in the defendant's sentence. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020). The Sixth Circuit has twice rejected the argument that the First Step Act's changes to sentencing enhancements constitute an "extraordinary and compelling reason" to reduce a defendant's sentence. *See United States v. Wills*, 991 F.3d 720, 723-24 (6th Cir. 2021); *United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. 2021). *Wills* and *Tomes* dealt with § 401 of the First Step Act, which lowered the mandatory minimum sentence for a defendant with a prior drug conviction and narrowed the definition of a qualifying prior drug offense. *Wills*, 991 F.3d at 723; *Tomes*, 990 F.3d at 505. Noting that § 401 does not apply retroactively, the Sixth Circuit in *Tomes* refused to "render §

---

[3] In his motion for clarification (Doc. # 352), Mr. Manns indicates that he is not bringing any challenge under section 403(b) of the FSA, rather he is making a challenge based on sentencing disparity under section 603(b) of the FSA.

401(c) useless by using § 3582(c)(1)(A) as an end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms." *Tomes*, 990 F.3d at 505; *accord Wills*, 991 F.3d at 723-24. Not long thereafter, *United States v. Jarvis* reached the same conclusion as to the First Step Act's non-retroactive changes to section 924(c)(1)'s mandatory minimum. 999 F.3d 552, 443, 445 (6th Cir. 2021).

Although *Tomes* and *Wills* involved a different section of the First Step Act, the reasoning in those cases applies with equal force here. Like § 401 of the First Step Act, § 403 does not apply retroactively. Thus, granting compassionate release via section 603(b) of the FSA to Mr. Manns based on the amendment in § 403 of the FSA would be contrary to Congress's intent. As discussed in *Wills*, the Supreme Court has noted that "[i]n federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Wills*, 991 F.3d at 723-24 (*quoting Dorsey v. United States*, 567 U.S. 260, 280 (2012)). "What the Supreme Court views as the 'ordinary practice' cannot also be an 'extraordinary and compelling reason' to deviate from that practice." *Id.* at 724. Accordingly, Mr. Manns is not entitled to relief under the compassionate relief statute based on the change in law brought about by the FSA. His claim regarding the First Step Act's elimination of the §924(c) stacking provisions does not give rise to extraordinary and compelling reasons. *See* also *United States v. McKinnie*, 24 F.4th 583 (6th Cir. 2022).

Mr. Manns also argues in his pleadings[4] that he needs to be released to assist in the care of his daughter who suffered a stroke at some point. Liberally construed, the Court will address this argument as one in which he argues that he should be released to

---

[4] See Docs. # 362 (Reply Brief), 380 (Letter)

4

care for his daughter as the only available caregiver. So construed, the motion will be **denied** on that basis as well.

Requests for compassionate release are evaluated under 18 U.S.C. § 3582(c)(1)(A). That statute provides that the court, ... upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

District courts apply a three-step test when analyzing motions for compassionate release. *See United States v. Jones,* 980 F.3d 1098, 1107-08 (6th Cir. 2020). First, the Court must determine whether extraordinary and compelling reasons warranting a sentence reduction exist. *Id.* Second, the court must consider any applicable policy statements found in the United States Sentencing Guidelines. *Id*. at 1108. Third, the court must determine whether relief is warranted under the factors stated in 18 U.S.C. § 3553(a). *Id.* There is no applicable guidelines policy statement when a prisoner files a motion for compassionate relief on his own behalf. *Id*. at 1108-09. Accordingly, when dealing with motions filed by prisoners, such is the case here, district courts may skip step two of the three-step analysis. *Id*. at 1111. In one of its more recent published cases

5

discussing compassionate release motions, the Sixth Circuit stated that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

"Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.' *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). "Instead, when an imprisoned person files a motion for compassionate release, the district court has "full discretion ... to determine whether an extraordinary and compelling reason justifies compassionate release." *Jones*, 908 F.3d at 1109. However, as set forth herein, the Sixth Circuit has more recently precluded district courts from using changes in the law to find extraordinary and compelling reasons for compassionate release. *See supra, McKinnie, Jarvis, Wills* and *Tomes*.

As an initial matter, the Court concludes that Mr. Manns has properly exhausted his administrative remedies. However, his motion fails on its merits. Put simply, the disparity between the sentence he received in 1994 and the sentence he would now receive after the enactment of the FSA does not constitute an "extraordinary and compelling reason" for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The cases cited by Mr. Manns in his pleadings to support his argument fail to recognize the Sixth Circuit authorities to the contrary.

Furthermore, although the Court is not unsympathetic about Mr. Manns' daughter's health concerns, there is nothing in the record to reflect that she is not being cared for by her mother or any of Mr. Manns' siblings in Magoffin or Montgomery County, Kentucky.[5]

---

[5] Defendant's PSR indicates he had five siblings each of whom were locally based.  See Doc. # 250 at ¶75.

6

If the Court were to grant compassionate release to every inmate who has children or other dependent family members who may be better off receiving care from the inmate versus another individual, that would swallow up the "extraordinary" nature of the compassionate release statute. In the Court's view, such a situation does not warrant compassionate release and would create, not avoid, an unwarranted sentencing disparity among incarcerated individuals. Title 18 U.S. Code, section 3553(a) cautions against creating such disparities.

A brief additional comment regarding the only available caregiver argument is necessary. While the Sentencing Commission's policy statements are not binding, *see Jones*, 980 F.3d at 1110-11, the court may continue to look at those statements to help guide its analysis, even in cases where the inmate makes the motion himself like Mr. Manns. In the commentary to § 1B1.13, the Sentencing Commission defines one extraordinary and compelling reason as "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caretaker for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt. 1(C). *See also United States v. Corley,* No. 3:13-CR-00097-9, 2021 WL 119640, at *1 (M.D. Tenn. Jan. 13, 2021) (noting that compassionate release based on "family circumstances...typically requires a finding that the Defendant is the only available caregiver") (citing *United States v. Lisi*, 440 F. Supp. 3d, 246, 252 (S.D.N.Y. 2020). Examining the record, it fails to establish that Mr. Manns is the *only* available caregiver for his daughter.

The Court recognizes that Mr. Manns has taken great strides to reform himself while incarcerated and has completed many educational and other classes within the

7

BOP setting (*See* Docs. # 358, 364). While laudable, his rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See *McKinnie*, 24 F.4th 583; *Hunter*, 12 F.4th at 572 ("Congress was emphatically clear that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason' "). The Court also recognizes that Mr. Manns has served the majority of his 450 month sentence and a casual observer may view this ruling as a harsh one. However, in view of the controlling Sixth Circuit case law, the Court finds that he is not entitled to the sentencing relief he seeks. Accordingly,

**IT IS ORDERED** as follows:

1. Defendant Manns' motions for clarification (Doc. # 352) and to supplement the record (Docs. # 358, 360, 364, 365, 383) be, and are hereby **granted**;

2. Defendant Manns' motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1) and section 603(b) the First Step Act of 2018 (Doc. # 349) be, and is hereby **denied**;

3. All other motions (Docs. # 371, 372 and 390) be, and are hereby **denied**.

This 23rd day of June, 2022.



Signed By:
*David L. Bunning*
**United States District Judge**